**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **VALUE UNLIMITED, INC. d/b/a CHOWCALL,** <br><br> Defendant. | **CIVIL ACTION NO.** 2:24-cv-724 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

The United States Equal Employment Opportunity Commission ("Commission" or "EEOC") brings this action pursuant to Title I of the Americans with Disabilities Act, as amended, to compel specific performance of a Conciliation Agreement resolving a charge of discrimination filed with the Commission. The Commission alleges that it entered into a Conciliation Agreement with Value Unlimited, Inc. d/b/a ChowCall ("Defendant") on or about September 8, 2022, in resolution of a charge filed by Charging Party, Miranda Fegan. The Commission further alleges that Defendant breached the Conciliation Agreement by failing and refusing to abide by the terms thereof. The Commission brings this action to enforce the Conciliation Agreement and seeks injunctive relief and monetary relief on behalf of Miranda Fegan, including pecuniary compensatory damages and prejudgment interest.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference

Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII").

2. The breach of contract alleged to be unlawful was committed within the jurisdiction of the United States District Court for the Eastern District of Virginia.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the Americans with Disabilities Act, and is expressly authorized to bring this action by Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a), incorporating Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. At all relevant times, Defendant was a corporation continuously doing business in the States of Virginia and North Carolina and continuously employed at least fifteen (15) employees).

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. On October 20, 2020, Miranda Fegan filed Charge of Discrimination No. 433-2020-02429 with the Commission, alleging violations of the ADA by Defendant. In her charge, Ms. Fegan alleged that she was subjected to discrimination by Defendant based on her disability. Specifically, Ms. Fegan alleged that Defendant failed to accommodate her which led to her employment being terminated.

7. The Commission investigated Ms. Fegan's charge and issued a determination letter dated July 27, 2022. In the determination letter, the Commission found reasonable cause to believe Defendant had violated the ADA by failing to provide Ms. Fegan with a reasonable accommodation and discharging her. The Commission thereafter successfully resolved the discrimination claim through the voluntary conciliation process provided for by the ADA with Defendant and Ms. Fegan. The terms of the settlement were memorialized in a written Conciliation Agreement signed by Ms. Fegan on September 2, 2022, signed by Defendant on September 6, 2022, and signed by the Commission on September 8, 2022. A true and correct copy of the Conciliation Agreement is attached hereto as Exhibit A and incorporated herein by reference.

8. Under the terms of the Conciliation Agreement, Defendant was required, *inter alia*, to:

(a) post notice of the Conciliation Agreement to its employees and provide the EEOC with confirmation of its compliance with the notice posting requirement;

(b) pay Miranda Fegan Eleven Thousand Dollars ($11,000) in three installments, with

   (i) the first installment of $1,000 due to Ms. Fegan within ten days of the effective date of the conciliation agreement;

   (ii) a second installment of $3,000 due to Ms. Fegan by November 28, 2022; and

   (iii) a third and final installment of $7,000 due to Ms. Fegan by February 28, 2023.

(c) provide the EEOC confirmation that each payment to the Charging Party was made consistent with the terms of the Conciliation Agreement; and

3

    (d)    maintain records that demonstrate its compliance with the terms of the Conciliation Agreement.

9.    The Conciliation Agreement provides that the nonmonetary provisions of the Conciliation Agreement remain in effect for three (3) years from the date of the execution of the Conciliation Agreement.

10.    Defendant breached the Conciliation Agreement provision requiring the third and final installment payment of $7,000 by February 28, 2023, after having made the first two installment payments. The total principal amount remaining to be paid to Miranda Fegan is Seven Thousand Dollars ($7,000.00).

11.    The amount owed by Defendant constitutes a debt owed to the United States of America.

12.    The EEOC advised Defendant on April 5, 2023 that it was out of compliance with the Agreement. Defendant failed to make payment after the EEOC's notification.

13.    The EEOC further communicated with Defendant on March 18, 2024, July 26, 2024, and August 12, 2024 to give Defendant the opportunity to cure its noncompliance. To date, Defendant has not made the third and final installment payment to Ms. Fegan.

14.    Defendant further failed to report its compliance with the notice posting provision of the Conciliation Agreement to the EEOC.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a judgment ordering Defendant to pay Miranda Fegan the outstanding principal balance due to her under the Conciliation Agreement, which Defendant negotiated and agreed to pay, plus interest compounded monthly and prejudgment interest.

B. Order Defendant to make whole Miranda Fegan by providing her compensation for any past and future pecuniary losses resulting from the breach of the Conciliation Agreement attached hereto as Exhibit A, including but not limited to prejudgment interest, in amounts to be determined at trial;

C. Grant a judgment ordering Defendant to pay the costs associated with the collection of the amount due and owing to Miranda Fegan, including legal fees;

D. Order Defendant to adhere to the nonmonetary terms of the Conciliation Agreement for three (3) years from the date of the Order;

E. Grant such further relief as the Court deems necessary and proper in the public interest; and

F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on any questions of fact raised by its Complaint.

This the 20th day of December, 2024.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, D.C. 20507

MELINDA C. DUGAS
Regional Attorney

ZOË G. MAHOOD
Supervisory Trial Attorney

**/s/ *Amy E. Garber***
AMY E. GARBER
Trial Attorney
Virginia Bar No. 37336
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Norfolk Local Office
200 Granby Street, Suite 739
Norfolk, Virginia 23510
Telephone: (757) 600-4726
Facsimile: (704) 954-6412
Email: amy.garber@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**